Harper, J.
delivered the opinion of the Court.
Of the various grounds of appeal, none have been relied on, but the first taken for nonsuit. It is argued that the-payment made by the plaintiff was voluntary, on account of the irregularity of the ordinary’s decree against the administratrix, Esther Conrad, in charging her, as appears on the face of the decree, with the whole amount of the estate, which came into her hands, or those of the absent administrator. To determine on this ground, we must consider what defence, the plaintiff could have made, to a suit against him on the administration bond. Would not the decree of the ordinary have been admissible in evidence against him, in a suit on the administration bond ? Certainly it would have been evidence ; and conclusive evidence against the *406 administratrix herself. If she was improperly charged by the ordinary, it was her own folly and neglect that she did not appeal from the decree. We cannot say the decree was void for this defect appearing on its face. Being evidence against her, it was at least admissible as evidence against her surety. In the case of Lyles v. Caldwell, 3 M‘C. 225, it was decided, that the decree of the ordinary was evidence against the surety on an administration bond, although he was not summoned on the account taken against his principal. It is said to be at least prima facie evidence. This seems to enter into the very scope of the surety’s undertaking. He undertakes that the principal shall render a just and true account, and if he should fail in this, the surety would be answerable. It seems matter of necessity that when one undertakes for the conduct of another, that, which is evidence against the principal, shall also be evidence against the surety. In the case of a public officer giving a bond for the faithful discharge of the duties of his office, we have decided during the present sitting, that a judgment against him, founded on his official misconduct, is evidence against the surety. Treasurers v. Bates, supra, p. 363. If collusion or fraud appeared in the administratrix permitting a decree to go against her, for more than she was justly answerable for, this would furnish a ground for relief in Equity. But if she has been guilty merely of laches, he who has reposed confidence in her, and undertaken for her good conduct, must take the consequences of that laches. If there be no collusion little hardship can generally arise in such cases. It is true as a general rule, that where there are several executors or administrators, each is to answer for his own default, and to be charged for the assets which came into his own hands. But by entering into the administration bond, joint administrators become sureties for each other. So that whether the funds were received by the absent administrator, or the administratrix, who remains in the State, she and the common securities of .both have undertaken to answer for them.
The motion was for nonsuit, and it is not therefore necessary to consider, whether in a suit against the present plaintiff he might have gone into evidence to impugn the ordinary’s decree, and shew that the administratrix was charged with more than came into her hands. Wo evidence for this purpose was offered in this case, and it is therefore impossible for us to say, whether *407 the decree was erroneous, or to what extent, and consequently how far the plaintiff might have defended himself in an action against him. In the case of Shelton ads. Curetou, 3 M‘C. 412, where the decree against the administrator was in the Court of Equity, and he was charged with matters for which he was answerable to the complainants in his individual capacity, as well as in his character of administrator ; it was held, that the surety might look into the decree, to ascertain how far he was charged as administrator, in which capacity alone, they were responsible for his acts. Here the decree was against Mrs. Conrad, as administratrix, for the whole amount of the estate. On the face of the decree, there may be cause to doubt, if she were not charged for more than she was properly answerable for: But this is not certain ; it does not certainly appear that the absent adminstrator has any of the estate in his hands, nor how much; nor if the administratrix be over-charged, to what extent she is properly responsible. If the decree be erroneous, it does not furnish us with the means of correcting it. It is certain in this, that it charges the administratrix with the amount of two hundred and twenty-eight dollars and forty-eight cents; and we cannot regard it as void for any other uncertainty that appears in it. The motion is therefore dismissed.
v-uie j0yner v, Cooper, ante,